# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-2010, Nahadi et al. v. British American Tobacco, et al. |
| **Originating No. & Caption** | 1:26-cv-274, Nahadi et al. v. British American Tobacco, et al. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days; FRAP 4(a)(1)(A) | |
| Date of entry of order or judgment appealed | July 24, 2026 | |
| Date notice of appeal or petition for review filed | July 24, 2026 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

This is a civil action under the Anti-Terrorism Act, 18 U.S.C. § 2333, including the aiding-and-abetting cause of action enacted through the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2333(d)(2). Plaintiffs-Appellants are 196 United States nationals and family members asserting JASTA claims arising from Iranian (IRGC) missile attacks at Al Asad Air Base in Iraq on January 8, 2020, and in Koya, Iraq, on September 28, 2022. Plaintiffs allege in their Amended Complaint that Defendants-Appellees aided and abetted those two terrorist attacks through a concealed, decade-long joint venture that generated substantial revenue for a North Korean terrorist front, which financed the development of the missile systems used in the attacks.

The district court granted the Defendants' motion to dismiss and dismissed the Amended Complaint under Fed. R. Civ. P. 12(b)(6) following a hearing on July 24, 2026. The district court held that the Amended Complaint failed to state a claim for aiding-and-abetting liability under Twitter, Inc. v. Taamneh, 598 U.S. 471 (2023), concluding that the alleged connection between Defendants' conduct and the attacks was too attenuated. The district court's reasons were stated orally during the hearing; no written opinion accompanied the dismissal order.

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1. Whether the district court erred in holding that the Amended Complaint failed to state a claim for aiding-and-abetting liability under JASTA and Twitter, Inc. v. Taamneh, 598 U.S. 471 (2023), including by treating the alleged temporal, geographic, and actor-based attenuation between Defendants' conduct and the terrorist attacks as dispositive; by requiring a direct connection between Defendants and the perpetrators of the attacks; by failing to adjudicate Plaintiffs' "systemic and pervasive" theory of liability; and by failing to credit Plaintiffs' allegations that Defendants knowingly, culpably, and substantially assisted the alleged weapons-proliferation joint venture that produced the missile systems used in the terrorist attacks.

2. Whether the district court, in resolving Defendants' Fed. R. Civ. P. 12(b)(6) motion, improperly discounted well-pleaded factual and expert allegations based on concerns regarding evidentiary admissibility and the anticipated complexities of discovery, rather than accepting the well-pleaded allegations as true and drawing all reasonable inferences in Plaintiffs' favor at this stage.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: See Attachment A | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: All Plaintiffs-Appellants<br><br>Attorney: Tejinder Singh<br>Address: SPARACINO PLLC<br>1920 L Street, NW<br>Suite 835<br>Washington, D.C. 20036<br><br>E-mail: tejinder.singh@sparacinopllc.com<br><br>Phone: (202) 629-3530 | Name: All Plaintiffs-Appellants<br><br>Attorney: Raj Parekh<br>Address: SPARACINO PLLC<br>1920 L Street, NW<br>Suite 835<br>Washington, D.C. 20036<br><br>E-mail: raj.parekh@sparacinopllc.com<br><br>Phone: (202) 607-3600 |
| **Appellant (continued)** | |
| Name: All Plaintiffs-Appellants<br><br>Attorney: Geoffrey Paul Eaton<br>Address: SPARACINO PLLC<br>1920 L Street, NW<br>Suite 835<br>Washington, D.C. 20036<br><br>E-mail: geoff.eaton@sparacinopllc.com<br><br>Phone: (202) 629-3530 | Name: All Plaintiffs-Appellants<br><br>Attorney: Ryan Sparacino<br>Address: SPARACINO PLLC<br>1920 L Street, NW<br>Suite 835<br>Washington, D.C. 20036<br><br>E-mail: ryan.sparacino@sparacinopllc.com<br><br>Phone: (202) 629-3530 |

**Signature:** /s/ Raj Parekh      **Date:** August 5, 2026

**Counsel for:** Plaintiffs-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:      Date:

**ATTACHMENT A**

**Additional Counsel for All Plaintiffs-Appellants:**

Anthony Asuncion
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
anthony.asuncion@sparacinopllc.com
(202) 629-3530

Adam Joshua Goldstein
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
adam.goldstein@sparacinopllc.com
(202) 629-3530

Matthew Jason Fisher
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
matt.fisher@sparacinopllc.com
(202) 629-3530

Kathryn Rakoczy
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
kate.rakoczy@sparacinopllc.com
(202) 629-3530

Devin Charles Ringger
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
devin.ringger@sparacinopllc.com
(202) 629-3530

**Adverse Parties: British American Tobacco p.l.c. and British-American Tobacco Marketing (Singapore) Private Limited**

**Counsel for Both Defendants-Appellees:**

Craig C. Reilly
LAW OFFICE OF CRAIG C. REILLY
429 North Saint Asaph Street
Alexandria, VA 22314
craig.reilly@ccreillylaw.com
(703) 549-5354

Gary A. Bornstein
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
gbornstein@cravath.com
(212) 474-1000

David H. Korn
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
dkorn@cravath.com
(212) 474-1000

John Buretta
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
johnburetta@paulhastings.com
(212) 318-6000

Benjamin W. Snyder
PAUL HASTINGS LLP
2050 M Street, NW
Washington, DC 20036
bensnyder@paulhastings.com
(202) 551-1700